IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT HUFF,**

        **Petitioner,**

**v.**                                                                  **Civil Action No. 2:10cv89**
                                                                            **(Judge Maxwell)**

**JOEL ZIEGLER**
**AND JAMES CROSS,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this § 2241 habeas corpus action on July 22, 2010. On July 23, 2010, he filed an amended habeas petition and paid the required filing fee. Consequently, on August 6, 2010, the undersigned conducted a preliminary review of the case and determined that the amended petition should be denied and dismissed with prejudice.[1] A Report and Recommendation ("R&R") was issued that same day. On August 16, 2010, the petitioner filed objections to the R&R and also filed a Motion to Withdraw his Amended Petition and a Motion for Leave to File a Second Amended Petition. This case is now before the undersigned on the petitioner's pending motions.

### II. The Petitioner's Contentions and Pending Motions

**A. The Petition**

In the petition, the petitioner asserts that he is being unlawfully detained and restrained of his

---

[1] "The general rule . . . is that an amended pleading supercedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

liberty by staff at FCI-Morgantown. In support of this claim, the petitioner alleges that on June 18, 2010, he was transported, without explanation, from FCI-Hazelton to FCI-Morgantown and placed in the Special Housing Unit. A week later, he was told that the reason he was placed in administrative detention was because of a "pending transfer." Later yet, the petitioner was told that he was in administrative detention for his own safety. The petitioner asserts, however, that he has never sought, nor does he require protective custody status. Further still, the petitioner's family was subsequently told that he was in administrative detention pending an investigation.

The petitioner contends that his administrative detention is unlawful for the following reasons:

(1) The use of administrative detention is limited and the Bureau of Prisons ("BOP") has no provision which authorizes the use of administrative detention for "investigation of safety concerns."

(2) Although he was allegedly placed in administrative detention pending a transfer, no action has been taken to facilitate the alleged transfer.

(3) If his placement in administrative segregation was for protective custody reasons, staff has failed to follow the appropriate procedures. Specifically, the petitioner notes that before placing an inmate in protective custody status, the facility must first attempt to place the inmate in the general population. The petitioner asserts that this was never done in his case. Alternately, the petitioner asserts that staff must refer protective custody cases to the Regional Director for resolution. Upon inquiry by his family, however, the petitioner asserts that such referral was never made in his case.

(4) Pursuant to BOP policy, an inmate is entitled to a review of his administrative detention

after seven days of continuous detention. These decisions are then appealable. The petitioner asserts that at the time his petition was filed, he had been in administrative detention for 31 continuous days with no hearing or appeals process.

As a result of these allegations, the petitioner asks the Court to conduct a hearing on his segregation and safety and to issue an order for the BOP to:

(1) release him to the general population;

(2) release him to a Residential Re-entry Center (RRC) in Chicago, Illinois; or

(3) release him and return him to the conditions of his bond until the BOP can locate an appropriate location for the petitioner to resume his sentence.

**B. The Amended Petition**

In the amended petition, the petitioner again asserts that the respondents are unlawfully restraining his liberty. He also provides the same essential factual support for his claim, particularly, that on June 18, 2010, he was transferred from USP-Hazelton to FCI-Morgantown with little explanation. He further alleges that he and his family have since received varying reasons for the transfer and his confinement in administrative detention.

The petitioner then raises a second claim related to the filing a direct appeal of his conviction and sentence with the United States District Court in Wisconsin. Specifically, the petitioner asserts that staff have failed to make copies for him and implies that staff is somehow responsible for the fact that his appeal was never received by the Wisconsin court. He further asserts that staff routinely open his legal mail in violation of BOP policy.

In another new claim, the petitioner asserts that he has been denied his right to participate in the BOP's administrative remedy process because staff have refused to supply him with the

appropriate forms.

As relief, the petitioner seeks his release from the SHU and placement back into the inmate general population either at FCI-Morgantown or his original institution. The petitioner also seeks mail privileges in compliance with BOP policy.

**C.    The First Report and Recommendation**

In the R&R issued on August 6, 2010, the undersigned determined that the amended petition failed to attack the manner in which the petitioner's sentence was being executed. [Dckt. 12 at 2] ("a § 2241 is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement"). Instead, the undersigned found that the amended petition challenges the conditions of the petitioner's confinement. *Id.* Specifically, the undersigned noted that the amended petition challenges the lawfulness of the petitioner's confinement in the SHU, various legal mail procedures and administrative remedy procedures, none of which effect the fact or length of the petitioner's sentence. *Id.* Because these issues do not relate to the execution of the petitioner's sentence, the undersigned determined that a § 2241 habeas corpus petition was not the appropriate avenue through which to make these challenges and that the petitioner should have raised these issues in a civil rights complaint. *Id.* (citing Presier v. Rodriguez, 411 U.S. 475, 499-500) (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Consequently, the undersigned recommended that the amended petition be denied and dismissed with prejudice from the active docket of the Court.

**D.    The Petitioner's Objections**

In his objections, the petitioner asserts that 28 U.S.C. § 2241 has been used to challenge prison conditions, as its "Constitutional roots lie as a tool to contest unlawful detention or restraint

4

of liberty." [Dckt. 17 at 2] He then appears to argue that because the claims raised in his case involve a challenge to his unlawful detention and restraint from liberty, the Court should consider his claims under § 2241. Nonetheless, the petitioner's objections to the R&R are not matters for consideration here. They are merely mentioned to provide a complete and accurate procedural history of this case.

**E.    The Petitioner's Motion to Withdraw his Amended Petition**

In his motion to withdraw, the petitioner asserts that his original petition for writ of habeas corpus contains the matter of primary concern in this case: his unlawful detention and restraint. He further asserts that the amended petition was filed on his behalf by his family, contains some factual inaccuracies and draws attention away from the real issue. Thus, the petitioner seeks to withdraw his amended petition and "leave in its stead, [his] original Petition for Writ of Habeas Corpus."

**F.    The Petitioner's Motion for Leave to File a 2nd Amended Petition/Complaint.**

In his motion for leave to file, the petitioner asserts that he filed a petition for writ of habeas corpus based on "the unlawful execution of his criminal sentence." He further acknowledges that the undersigned issued a R&R finding that the petition is an improperly brought civil rights action. The petitioner notes that he has filed his objections to the R&R, but in anticipation of those objections being overruled, the petitioner requests permission to file a second amended petition to plead a civil rights complaint as an alternative count based on the same facts as alleged in the original petition. While still arguing that his case was properly filed under § 2241, the petitioner asserts that amending the petition to plead an alternative civil rights action allows for judicial economy and for the underlying complaint to be heard on the merits.

### III.    The Petitioner's Motion to Withdraw his Amended Petition

Upon due consideration, the undersigned **GRANTS** the petitioner's Motion to Withdraw his

Amended Petition (dckt. 15). Accordingly, the R&R issued on August 6, 2010 (dckt. 12), recommending the denial of the petitioner's Amended Petition is **VACATED** and the petitioner's objections to that R&R (dckt. 17) should be deemed moot.

## IV. Analysis

### A. The Petition

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

In the petition, the petitioner merely alleges claims regarding the conditions of his confinement. Specifically, the petition challenges the lawfulness of the petitioner's confinement in the SHU. This claim concerns where the petitioner is housed and why, but does not attack, nor relate in any way, to the execution of his sentence, *i.e.*, the fact or length of his confinement.[2] Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### B. The Petitioner's Motion for Leave to File a Second Amended Petition

In anticipation of the Court's finding that a § 2241 petition is not the appropriate avenue in

---

[2]The petitioner does not allege that his underlying conviction is unlawful or that the BOP has in some way improperly calculated the length of his sentence.

which to make his challenge, the petitioner has requested that the Court allow him the opportunity to again amend his petition to plead an alternative civil rights claim. The petitioner asserts that to do so fosters judicial economy and ensures that his underlying claim will be heard on the merits.

Nevertheless, what the plaintiff fails to consider is that there are different filing fees, rules and procedures for habeas corpus petitions and civil rights complaints, to wit:

(1) To plead a civil rights claim, the plaintiff is required to pay a $350 filing fee. A habeas corpus action requires only a $5.00 filing fee. See 28 U.S.C. § 1914(a).

(2) Civil rights claims have a statutory exhaustion requirement that is not applicable to habeas corpus actions.[3] See 42 U.S.C. § 1997e(a); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004).

(3) In a habeas corpus action, the respondent is the petitioner's custodian, which in this case is the Warden at FCI-Morgantown. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004). In civil rights cases, the defendants are the persons actually involved in the alleged violation of the petitioner's rights. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001).

(4) There are different service requirements for habeas corpus and civil rights actions. *Compare* Fed.R.Civ.P. 4 and 28 U.S.C. § 2243.

(5) There are different standards that govern discovery and the taking of evidence in habeas corpus and civil rights actions. See Fed.R.Civ.P. 26, et seq.; Bracy v. Gramley, 520 U.S. 899, 904 (1997); Rules Governing Section 2254 Cases in the United States District Courts,

---

[3]The undersigned acknowledges that most courts have also applied an exhaustion requirement to habeas corpus proceedings. However, that requirement is judicial imposed, rather than statutorily imposed. Thus, exhaustion proceedings in habeas corpus may be waived. The same is not true of civil rights proceedings.

applicability to § 2241 habeas corpus proceedings recognized in Wyant v. Edwards, 952 F.Supp.348, 350-51 (S.D.W.Va. 1997).

Thus, for these reasons, it is simply not appropriate to allow the petitioner to plead both a habeas corpus claim and a civil rights claim in the same action. Accordingly, his Motion for Leave to File a Second Amended Petition should be denied.

## V. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Objections to the August 6, 2010 Report and Recommendation (dckt. 17) be **MOOTED**; his Motion for Leave to File a Second Amended Petition (dckt. 16) be **DENIED;** and that his Petition for Writ of Habeas Corpus (dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claim as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 20, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE