**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ROBERT HUFF,**

Petitioner,

**v.**                                                    **CIVIL ACTION NO. 2:10-CV-89
(BAILEY)**

**JOEL ZIEGLER
and JAMES CROSS,**

Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

I.      Introduction

On this day, the above-styled matter came before the Court for consideration of the

Report and Recommendation of United States Magistrate Judge John S. Kaull.  By

Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge

Kaull for submission of a proposed report and recommendation ("R&R").  Magistrate Judge

Kaull filed his R&R [Doc. 18] on August 20, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on September 9, 2010 [Doc. 20]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.    Factual and Procedural History

On July 22, 2010, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus [Doc. 1]. The next day, he filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition") [Doc. 6], amending his previous petition. On August 6, 2010, Magistrate Judge Kaull conducted a preliminary review and determined that the petition should be denied and dismissed without prejudice because it was a federal civil rights action improperly filed under § 2241. The magistrate judge issued an R&R [Doc. 12] recommending the same. On August 16, 2010, the petitioner filed Objections [Doc. 17], a Motion to Withdraw Amended Petition [Doc. 15], and a Motion for Leave to File a Second Amended Petition [Doc. 16].

On August 20, 2010, Magistrate Judge Kaull filed the instant R&R [Doc. 18], which contains both rulings and recommendations. First, the magistrate judge granted petitioner's Motion to Withdraw Amended Petition and vacated his first R&R. ([Doc. 18] at 5-6). Second, the magistrate judge recommended that the petitioner's Objections to the first R&R be denied as moot, that his Motion for Leave to File a Second Amended Petition

2

be denied, and that his Petition for Writ of Habeas Corpus be denied and dismissed without prejudice to the petitioner's right to re-file his claim as a civil rights action. On September 9, 2010, the petitioner filed Objections [Doc. 183] to the instant R&R.

III.    Discussion

A.    The Petition

In his Petition for Writ of Habeas Corpus [Doc. 1], the petitioner asserts that he is being unlawfully detained and restrained of his liberty by staff at FCI-Morgantown. Specifically, the petitioner alleges that on June 18, 2010, he was transported without explanation from FCI-Hazelton to FCI-Morgantown and placed in the Special Housing Unit ("SHU"). A week later, he was told that the reason he was placed in the SHU was because of a "pending transfer." Later, he was told the placement was for his own safety. The petitioner asserts, however, that he has never sought nor does he require protective custody status. The petitioner contends that his administrative detention is unlawful. The magistrate judge found that the petitioner's claim is one concerning conditions of confinement and should have been filed as a civil rights action. The petitioner objects.

A § 2241 petition is used to attack the manner in which a sentence is executed. *See* 28 U.S.C. § 2241. In particular, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See **Preiser v. Rodriguez***, 411 U.S. 475, 499-500 (1973). To challenge conditions of confinement, a prisoner must file a civil rights action under either 42 U.S.C. § 1983 (state actor) or ***Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971) (federal actor).

Here, the petitioner claims that his confinement in the SHU is unlawful. This claim fails to relate in any way to the fact or length of his sentence. As such, it is clear that the petitioner's claim should have been raised pursuant to a civil rights complaint. Accordingly, this Court agrees that the Petition for Writ of Habeas Corpus should be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### B.    The Petitioner's Motion for Leave to File a Second Amended Petition

In his Motion, the petitioner requests that the Court allow him the opportunity to again amend his Petition to plead an alternative civil rights claim. The magistrate judge recommends that the Court deny the petitioner's Motion and allow him to re-file his claim as a civil rights action. The petitioner objects.

As the magistrate judge outlined in his R&R, there are different filing fees, rules, and procedures for habeas corpus petitions and civil rights complaints. (See [Doc. 18] at 7-8). As such, this Court finds that the petitioner cannot merely amend his Petition; rather, his only choice is to re-file his claim as a civil rights action. Accordingly, this Court agrees that the petitioner's Motion for Leave to File a Second Amended Petition should be **DENIED**.

### C.    The Petitioner's Objections to First R&R

In his first R&R, the magistrate judge recommended that the petitioner's Amended Petition be denied and dismissed without prejudice to the petitioner's right to re-file his claims as a civil rights action. The petitioner then moved to withdraw his Amended Complaint. In the instant R&R, the magistrate granted that motion. As a result, the magistrate judge vacated his first R&R. Accordingly, this Court agrees that the petitioner's Objections to the first R&R should be **DENIED AS MOOT**.

IV.    Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 18]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report.   Further, the petitioner's Objections **[Docs. 17 & 20]** are **OVERRULED**.   Accordingly, the petitioner's Motion for Leave to File a Second Amended Petition **[Doc. 16]** is hereby **DENIED**.   In addition, the petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is hereby **DENIED** for the same reasons as stated above.    As such, the same is hereby **DISMISSED WITHOUT PREJUDICE** (to the petitioner's right to re-file his claim as a civil rights action) and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: January 6, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE